FILED
98 MAR 18 AM 9:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAR 19 1998

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

JUDY DAY, )
)
    Plaintiff, )
)
vs. ) CIVIL ACTION NUMBER
)
ONEITA, INC., ) 97-C-2439-NE
)
    Defendants. )

**MEMORANDUM OPINION GRANTING MOTION FOR SUMMARY JUDGMENT**

    Oneita has moved to dismiss this action based on the plaintiff's failure to timely file a charge of discrimination with the EEOC. The court treated the motion as one for summary judgment. After thoroughly reviewing all the relevant papers, the court concludes that on the undisputed facts, Oneita is entitled to judgment as a matter of law.

I

    Plaintiff day was employed by the defendant Oneita Corporation, Inc. ("Oneita") at its plant in Cullman, Alabama, as a receptionist-secretary in April 1984. She worked in that capacity until February 2, 1995, when she was advised that she was being laid off as a result of a reduction in force. The plaintiff claims that while employed by Oneita, she was sexually harassed, on a recurring basis, by Oneita's Vice-President and Plant Manager, Joe Brinson.

In December 1995, the plaintiff stated to one of her former co-workers her belief that Joe Brinson had played a role in her termination. She filed a state court action against Brinson on April 16, 1996, alleging assault and battery and invasion of privacy arising out of her former employment relationship with Oneita.

The plaintiff filed an action against Oneita under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA") on April 17, 1996. Plaintiff's complaint at 1. *Day v. Oneita Industries, Inc.* (N.D. AL. CV-96-S-965-NE). In that complaint, the plaintiff alleged that she "...was terminated on February 2, 1995, because the job of receptionist was allegedly eliminated...[and that] following [her] termination, the position of receptionist was filled by two part time employees..." *Id.*, at 2, ¶¶ 8, 9. After having been advised by the plaintiff that the case was settled, the court dismissed that case with prejudice on March 6, 1997.

The plaintiff says that until she took the deposition of Oneita's current Personnel Manager on March 2, 1997, she did not know that Brinson had caused her termination.

On March 26, 1997, the plaintiff filed with the Equal Employment Opportunity Commission ("EEOC") a charge of discrimination against Oneita, alleging sexual harassment and

retaliation. The EEOC subsequently determined that the plaintiff's charge was not timely filed, and it issued to her a notice of her right to sue. This lawsuit was thereafter filed within the time required by law.

II

By the express language of Title VII and settled decisional law, a complaint of sexually-based retaliation must be filed within 180 days of the retaliatory act. See 42 U.S.C. § 2000e5(e)(1). In the seminal case, *Delaware State College v. Ricks*, 449 U.S. 250, 258 (1980), the United States Supreme Court held that the 180-day period starts to run at the time that the decision is made and communicated to the aggrieved employee. However, the limitations period is subject to equitable tolling. See *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 925 (5th cir. 1975).

*Reeb* is one of the earlier Title VII cases. The facts in that case bear some resemblance to the facts here. There, Ms. Reeb's contract was terminated by her employer in September 1969 and she was told that the non-renewal was due to a "limitation of funds." Like the plaintiff here, Ms. Reeb initially accepted that explanation. On April 12, 1979, Ms. Reeb learned that her contract had been filled by an allegedly less qualified male employee.

Seven days later, on April 29, 1970, she filed her sex discrimination charge with the EEOC. *Id.* 926.[1] Under these facts, our predecessor circuit[2] held that tolling suspends the applicable period "until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for [her] rights." *Id.* at 930.

### III

According to the complaint in this case, "Brinson was the company official directly responsible for the defendant's plant in Cullman, Alabama..." Complaint, § III, ¶ 9. A reasonable employee would assume, from that fact alone, given the fairly small size of the Cullman operations, that Brinson would be involved in layoff/termination decisions.

It is undisputed that as of December 1995, the plaintiff suspected that Joe Brinson had played a role in her layoff. At least by April 17, 1996, when she commenced her age discrimination lawsuit in this court, she knew that her position had been filled by two part-time employees, and that rather than being laid off, she had been terminated.

By April 17, 1996, the plaintiff was aware of the operative facts which form the basis of her retaliation claim. She

---

[1] At that time, the statutory period was 90 days, rather than the current 180-day period.

[2] *Bonner v. City of Pritchard,* 661 F.2d 1206 (11th Cir. 1981).

knew that Brinson was in charge of the Cullman plant where she worked. She knew that Brinson had subjected her to repeated sexual assaults and harassment on the job. She knew that she had consistently spurned Brinson's recurring unwelcomed sexual advances. She knew that her employment with Oneita had been terminated. She reasonably suspected that Brinson had played a role in that decision to terminate her employment.

    To an employee with a reasonably prudent regard for her Title VII rights, a cause of action for retaliation would have been apparent under the totality of the circumstances.

    Instead of filing an EEOC charge based on both age and sexually-motivated retaliation, the plaintiff inexplicably limited her original charge exclusively to age discrimination.

    The EEOC concluded that the plaintiff did not timely file her charge of sexually-motivated retaliation. The court gives deference to the EEOC's conclusion on this issue.

### Conclusion

    Because the plaintiff did not timely file her charge of retaliation with the EEOC, summary judgment for the defendant is appropriate. By separate order, it shall be granted.

DONE this 17th day of March, 1998.

                                        UNITED STATES DISTRICT JUDGE
                                              U. W. CLEMON